```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Howard Boddie, Jr.,             :

        Plaintiff,      :   Case No. 2:14-cv-0106

  v.                            :   JUDGE GREGORY L. FROST
                                Magistrate Judge Kemp
Todd W. Barstow, et al.,        :

        Defendants.     :

### REPORT AND RECOMMENDATION

Plaintiff, Howard Boddie, Jr., a state prisoner proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. §§ 1983, 1985, and 1986 against five attorneys (three of whom defended him in criminal proceedings and two of whom prosecuted him in criminal proceedings) and the State of Ohio.  Mr. Boddie, Jr.'s current confinement is unrelated to this cause of action.  The Court has granted Mr. Boddie, Jr.'s motion for leave to proceed <u>in forma pauperis</u>.  This matter is before the Court for an initial screening pursuant to 28 U.S.C. §§1915(e) and 1915A.  For the following reasons, it will be recommended that the federal law claims be dismissed as barred by the applicable two-year statute of limitations and that any state law claims be dismissed under 28 U.S.C. §1367(c).

I.

28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant

who is immune from suit.  The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

## II.

The facts that Mr. Boddie, Jr. has alleged in his complaint may be summarized as follows.  On July 8, 2008, Mr. Boddie, Jr. was arrested and charged with domestic violence and assault in the Franklin County Municipal Court.  On August 30, 2008, both the domestic violence case and the assault case were dismissed because the State failed to adhere to speedy trial requirements.  On November 18, 2008, Mr. Boddie, Jr. was re-charged with domestic

violence and indicted based on the same alleged incident and victim. This second charge of domestic violence was under case number 08CR-11-8246.

On May 26, 2009, Mr. Boddie, Jr. was charged with two felony failures to appear on Case No. 08CR-11-8246 even though he was in the Veteran's Hospital recovering from surgery, and as a result he was held in custody because he could not afford the bond set at that time. On July 10, 2009, without Mr. Boddie, Jr.'s knowledge or consent, Defendant Barstow (who was Mr. Boddie, Jr.'s defense attorney at the time) filed a motion claiming that Mr. Boddie, Jr. was incompetent to stand trial. As a result, Mr. Boddie, Jr. was committed to the Twin Valley Behavioral Center for evaluation and remained incarcerated or otherwise under the control of the Franklin County Corrections Center for some time. Mr. Boddie, Jr. was held to be competent. On May 28, 2010, the felony failure to appear charges were dismissed because of his surgery and recovery in the Veteran's Hospital.

On April 18, 2011, the day of trial in Case No. 08CR-11-8246, counsel for Mr. Boddie, Jr. again attempted to have Mr. Boddie, Jr. plead guilty and allowed a jury to be seated, and Mr. Boddie, Jr. was finally able to persuade his counsel to find certified records of the prior cases during the lunch recess to present to the court. The next day, the judge dismissed the case on double jeopardy grounds, stating that Mr. Boddie, Jr. was charged for the same incident in the Franklin County Municipal Court and the case was dismissed for time served.

Mr. Boddie, Jr. alleged that, in connection with Case No. 08CR-11-8246, his three defense attorneys violated his constitutional rights by trying to convince him that this was not a case to which double jeopardy applied, refusing to argue that the case should be dismissed on grounds of double jeopardy, and trying to plea bargain. He also alleged that one of his defense

attorneys, Defendant Barstow, intentionally inflicted emotional distress by filing a motion to hold Mr. Boddie, Jr. incompetent to stand trial. In addition, he alleged that two Franklin County Assistant Prosecuting Attorneys and the State of Ohio violated his constitutional rights by failing and refusing to stop the prosecution even after being made aware of the double jeopardy violations. He argues that as a result of the constitutional violations by Defendants and their conspiracy, he was held against his will, incarcerated and subjected to competency evaluations and exams for over two and a half years.

III.

Mr. Boddie, Jr. has claimed that defendants violated his constitutional rights and conspired to commit unlawful acts. He brings these claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Section 1986 claims are derivative of section 1985 claims, so a plaintiff who fails to state a claim under 1985 also fails to state one under 1986. Ruiz v. Hofbauer, 325 F. App'x 427, 432 (6th Cir. 2009).

The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989); see also Hunt v. City of Cleveland, 13-3898, 2014 WL 1560687, *2 (6th Cir. Apr. 21, 2014) (citing Browning). Claims arising in Ohio under 42 U.S.C. §1985 are also governed by a two-year statute of limitations. Sykes v. United States, 507 F. App'x 455, 462 (6th Cir. 2012) (applying the same two-year statute of limitations to claims pursuant to sections 1983 and 1985 and citing Browning); see also Ford Motor Credit Co. v. Jones, 2009-Ohio-3298 (Ohio Ct. App., Cuyahoga Cty. 2009) (in Ohio, "the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge") (citation omitted).

Although the statute of limitations is normally an affirmative

4

defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process. See, e.g., Watson v. Wayne County, 90 Fed. Appx. 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte") (citing Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)). This Court has applied that rule in cases screened under § 1915A. See, e.g., Smith v. Warren County Sheriff's Dept., 2010 WL 761894 (S.D. Ohio March 2, 2010). Thus, the Court must look to the allegations in the complaint to determine whether the action has been filed within the applicable two-year period.

Here, all of the conduct alleged in the complaint occurred before April 19, 2011, when the Franklin County Court of Common Pleas dismissed the case against Mr. Boddie, Jr. on double jeopardy grounds. (See Doc. 3 at ¶17 & Doc. 3-3). Mr. Boddie, Jr.'s motion to proceed in forma pauperis with the complaint attached was received by this Court on January 30, 2014. Even assuming that it was placed in the hands of prison officials for mailing shortly before that date, it is clear that it was not filed within two years of the events in question, and that the statute of limitations, unless tolled for some reason, would bar further prosecution of this case.

To the extent that Mr. Boddie, Jr. has asserted a state tort claim for intentional infliction of emotional distress or any other state tort claim, those claims should not be heard by this Court because there is no viable federal law claim pleaded in the complaint. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [over which there is no original jurisdiction] if ... (3) the district court has dismissed all claims over which it has original jurisdiction").

IV.

For the reasons set forth above, it is recommended that the federal law claims asserted in this case be dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted because those claims are barred by the statute of limitations. It is recommended that any state law claims be dismissed without prejudice under 28 U.S.C. § 1367(c)(3). It is further recommended that if this recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to each Defendant.

V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge