# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

HOWARD BODDIE, JR.,

      Plaintiff,

                                  Case No. 2:14-cv-106
   v.                             JUDGE GREGORY L. FROST
                                  Magistrate Judge Terence P. Kemp

TODD W. BARSTOW, et al.,

      Defendants.

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's May 2, 2014 Report and Recommendation (ECF No. 6) and Plaintiff's May 15, 2014 Objections (ECF No. 8). When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff argues that the Magistrate Judge erred in concluding that the Court should dismiss Plaintiff's federal claims under 28 U.S.C. § 1915A for failure to state a claim upon which this Court can grant relief and that the Court should dismiss Plaintiff's state law claims without prejudice. The Magistrate Judge explained in the Report and Recommendation that the federal claims were barred as a result of the statute of limitations and that, absent the federal claims, the Court should decline to exercise supplemental jurisdiction

over the remaining state law claims under 28 U.S.C. § 1367(c).  Having conducted a *de novo* review and after consideration of the Report and Recommendation and the objections, this Court concludes that Magistrate Judge's reasoning is correct.

Plaintiff first objects to the Magistrate Judge's reasoning by asserting that it is improper for the Court to raise the statute of limitations issue *sua sponte* as opposed to waiting for a defendant to raise it as an affirmative defense.  But as the Magistrate Judge explained, "[i]f a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."  *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004).  *See also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.").  Although Plaintiff attempts to evade the statute of limitations by noting that he pled that the limitations period had been tolled, this is not how tolling works.  A party cannot obtain tolling simply by stating that he is entitled to it, and Plaintiff has failed to present this Court was sufficient cause for tolling the applicable statute of imitations here.  The fact that Plaintiff is still allegedly bothered by Defendants' purported conduct does not toll the statute of limitations.

Plaintiff next objects by arguing that the Magistrate Judge erred in concluding that Ohio's statute of limitations governed his claims under 42 U.S.C. §§ 1983 and 1985.  The two-year statute of limitations, however, indeed applies to these claims.  *See Swartz v. Eastman & Smith*, 194 F.3d 1314, 1999 WL 801570, at *1 (6th Cir. 1999) (unpublished table decision).  Additionally, as the Magistrate Judge explained, because Plaintiff's "§ 1985 claim is time-barred, an action under § 1986, which imposes liability upon one who fails to prevent a violation

of § 1985, cannot be maintained." *Id.* These are more than "technical detail[s]" as Plaintiff characterizes them in his objections. (ECF No. 8, at Page ID # 71.) They are the law. Although disposition on the merits is preferred, this Court is not free to ignore the law.

Plaintiff also points to his being an incarcerated individual, his being a *pro se* litigant, and his being in a position of allegedly less power than defendants as reasons for not applying the statute of limitations. None of these reasons are sufficient to provide Plaintiff the relief he seeks.

First, although Plaintiff states that he is entitled to tolling as a result of disability, Plaintiff has failed to present this Court with facts indicating a recognized status or disability during the requisite time period so that application of tolling here would save his untimely complaint. *See Swartz v. Eastman & Smith*, 194 F.3d 1314, 1999 WL 801570, at *1; Ohio Rev. Code § 2305.16. As the Sixth Circuit has explained, "incarceration has not provided a basis for tolling Ohio civil rights cases since 1991." *Watson v. Decapua*, 181 F.3d 106, 1999 WL 283878, at *1 (6th Cir. 1999) (unpublished table decision). *See also Creech v. City of Portsmouth*, 50 F.3d 10, 1995 WL 118937, at *2 (6th Cir. 1995) (unpublished table decision); *Gauntt v. Miracle*, No. 3:01CV7492, 2001 WL 1465763, at *3 (N.D. Ohio June 10, 2002).

Second, *pro se* status does not carry with it a right to equitable tolling. *See Granderson v. Univ. of Mich.*, 211 F. App'x 398, 401 (6th Cir. 2006) (holding that *pro se* status does not relieve a plaintiff of the obligation to meet requirements imposed by the law); *Garrett v. Snyder*, 211 F.3d 1269, 2000 WL 571929, at *2 (6th Cir. 2000) ("ignorance of the law does not support equitable tolling of a statute of limitations").

Third, there is simply no power imbalance tolling exception.

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objections (ECF No. 8), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6), **DISMISSES** Plaintiff's federal claims, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims. The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

           ___/s/ Gregory L. Frost_____
           GREGORY L. FROST
           UNITED STATES DISTRICT JUDGE